IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DA'SHAWN COLEMAN
    *Plaintiff*,

v.

UNITED STATES POSTAL SERVICE, *et al.*,
    *Defendants*.

Case No. 25-cv-1526-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff has sued the United States Postal Service ("USPS") and Mike Salvon alleging various civil rights claims arising out of her employment with USPS. ECF No. 1. Plaintiff has also filed a motion to appoint counsel. ECF No. 3. In her motion, Plaintiff states that she is "seeking and asking the US Court to appoint me an attorney because I can not afford one and I need help." *Id.*

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court has previously granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 5. However, in general, indigent parties lack a right to counsel in civil matters. *Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 564 (M.D.N.C. 2019) ("This is a civil case. As such, [Plaintiff] is not constitutionally entitled to appointment of counsel."). Instead, to be appointed counsel under § 1915, "a plaintiff must show that his case is one with exceptional circumstances." *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *see also Wilkins v. Stone*, Case No. 24-6971, 2025 WL 3252314, at *1 (4th Cir. Nov. 21, 2025) (affirming a district court's denial of a motion to appoint counsel where the pro se party "had not shown exceptional circumstances"). "In considering a request for appointment of

counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself." *Valcarcel*, 383 F. Supp. 3d at 565; *see also First Am. Title Ins. Co. v. Borniva*, Case No. 19-cv-3233-GJH, 2023 WL 1995410, at *2 (D. Md. Feb. 13, 2023) ("The question of whether [exceptional] circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.") (quoting *Braude v. Vilnyanskaya*, Case No. 17-cv-364-ELH, 2017 WL 2131855, at *1 (D. Md. May 17, 2017)).

      Here, Plaintiff has not made the necessary showing of exceptional circumstances. While Plaintiff states that she needs help in the case, she has already filed multiple pleadings and motions and does not explain why she is not capable of continuing to litigate the case in a similar manner. *See Zeller v. Yiya Zhou*, Case No. 18-cv-2650-PWG, 2019 WL 2579412, at *1 n.1 (D. Md. June 24, 2019) ("[Plaintiff] has not explained why he is unable to litigate this particular case on his own. His motions and previous filings demonstrate his ability to present the legal and factual basis of his claims or to secure assistance in doing so."). Further, upon review of the complaint and Plaintiff's other filings, the Court is not convinced that the claims here are sufficiently complex to warrant the appointment of counsel. *See Alston v. Lewis*, Case No. 10-CT-3032-FL, 2010 WL 4054461, at *1 (E.D.N.C. Oct. 14, 2010) ("The existence of exceptional circumstances depends upon 'the type and complexity of the case, and the abilities of the individuals bringing it.'") (quoting *Whisenant v. Yaum,* 739 F.2d 160, 163 (4th Cir. 1984)). Therefore, Plaintiff's motion to appoint counsel will be denied.

      In addition to her motion to appoint counsel, Plaintiff has also filed a motion for clerk's entry of default. ECF No. 17. Upon consideration of Plaintiff's motion, ECF No.

17, the government's response, ECF No. 18, and the government's commitment to file a motion in response to the complaint by February 13, 2026, as stated during the February 12, 2026 status conference, that motion will be denied.

Finally, Plaintiff filed a "Motion for Denial of Extension of Time." ECF No. 28. Upon consideration of the February 12, 2026 status conference, that motion will be granted in part and denied in part, and the parties are directed to follow the below briefing schedule.

For these reasons, the Court ORDERS as follows:

1. Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED;
2. Plaintiff's motion for Clerk's entry of default (ECF No. 17) is DENIED;
3. Plaintiff's motion for denial of extension of time (ECF No. 28) is GRANTED IN PART and DENIED IN PART;
   a. The government shall file an answer, motion, or other response to Plaintiff's complaint on or before February 13, 2026;
   b. Plaintiff shall file a response brief to any motion filed on or before March 13, 2026; and
   c. The government shall file a reply brief in support of any motion filed on or before March 27, 2026.

Date: February 12, 2026                    _____/s/_____
                                           Adam B. Abelson
                                           United States District Judge