**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DA'SHAWN COLEMAN,<br>*Plaintiff*,<br>v.<br>USPS, *et al.*<br>*Defendants*. | Case No. 1:25-cv-01526-ABA |

**MEMORANDUM OPINION**

Plaintiff Da'Shawn Coleman ("Plaintiff" or "Ms. Coleman") sued the United States Postal Service ("USPS") and Michael Salvon ("Mr. Savon") for alleged employment discrimination and retaliation based on age, gender, and disability. Defendants have filed a motion to dismiss. For the reasons outlined below, the Court will dismiss Plaintiff's claims.

## I. BACKGROUND[1]

In 2019, Ms. Coleman was hired by Defendant USPS as a City Carrier Assistant at Arlington Station in Baltimore, Maryland at the age of 42. ECF No. 1-1 at 1. She alleges

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint[.]" *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Ms. Coleman filed her complaint using the Court's form template for an employment discrimination complaint. ECF No. 1. She attached several documents to her complaint, including a "Decision on Request for Reconsideration" in the EEOC administrative proceedings. ECF No. 1-1. She also filed a supplement to her complaint. ECF No. 9. The Court will consider these materials to the extent they contain factual allegations. Ms. Coleman did not attach her EEOC complaint. She did, however, write "[s]ee EEOC portal" in the "facts of my case" section of her complaint. ECF No. 1 at 6. Defendants have attached her EEOC complaint to their motion. *See* ECF No. 33-2. For the reasons outlined below, the Court will construe the facts alleged in the EEOC complaint to have been incorporated and thus alleged in the complaint in this Court.

that throughout her employment she was "criticized and micro-managed," *id.* at 2, in several ways, including:

- On June 22, 2019, Ms. Coleman was issued a 30-day evaluation after only 3 days at the station, *id.* at 2;
- A male manager allegedly "threatened" Ms. Coleman, ECF No. 33-2 at 4, by stating that he would make sure Ms. Coleman did not make it through the probationary period, ECF No. 1-1 at 2;
- A female manager allegedly told Ms. Coleman to not come back to work without "100% leather shoes" despite the fact that "males [and] females younger than" Ms. Coleman allegedly wore non-leather footwear, ECF No. 33-2 at 1;
- A "[s]enior carrier" allegedly told Ms. Coleman that she was "too old to be starting out as a mail carrier," *id.* at 7;
- On June 24, 2019, Ms. Coleman was allegedly criticized for "taking too long on her route, taking unauthorized breaks and not giving out door-to-door directs," ECF No. 1-1 at 2[2];
- On June 28, 2019, a manager allegedly criticized Ms. Coleman for not doing her job, *id.*;
- On July 1, 2019, a male manager allegedly told Ms. Coleman not to fill out PS Form 3849, *id.*, which is a USPS "form that a recipient signs upon delivery of an item," *United States v. Martinez*, 706 F. App'x 583, 585 (11th Cir. 2017); and
- On July 2, 2019, a male manager allegedly "stood overtop" of Ms. Coleman and prevented her from using rubber bands in sorting mail, ECF No. 33-2 at 5.

Ms. Coleman also alleges that on July 18, 2019, she was denied "medical assistance" when she suffered from "heat exhaustion" while on the job. *Id.* at 5–6; ECF No. 1-1 at 2. She compares that treatment to that of a "younger carrier" whom she

[2] The complaint does not explain what "door-to-door directs" refers to.

alleges suffered a medical incident on July 3, 2019, where an ambulance was called. ECF No. 33-2 at 5. After the incident on July 18, Ms. Coleman got into a verbal altercation with a supervisor. *Id.* at 7. On July 19, 2019, she was separated during her probationary period. ECF No. 1-1 at 2; *see also* ECF No. 1 at 5 (identifying July 19, 2019, as the date of the allegedly discriminatory act). Ms. Coleman juxtaposes this treatment to that of a younger female colleague who "threatened another coworker" and "used profanity in front of everyone." ECF No 33-2 at 6.

After exhausting administrative procedures, Plaintiff filed this complaint. ECF No. 1. She asserted claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for discrimination based on sex, the Age Discrimination in Employment Act of 1967 ("ADEA") for discrimination based on age, and the Americans with Disabilities Act ("ADA") for discrimination based on disability, which she lists as "bipolar/depression, physical impairment." ECF No. 1 at 4–5. Defendants filed a motion to dismiss the complaint. ECF No. 33. Plaintiff filed an opposition brief, ECF No. 36, and Defendants filed a reply brief, ECF No. 39.

## II. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

A court may consider a document submitted by the movant that was not expressly incorporated into the complaint without converting the motion into one for summary judgment in the limited circumstances where (1) there is no dispute about the document's authenticity and (2) the document was "integral" to the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Here, Defendants have attached a number of documents, including Plaintiff's EEOC complaint, ECF No. 33-2, as well as documents related to the investigation of her claim, including an affidavit and two deposition transcripts. ECF Nos. 33-3, 33-4, 33-5. No party disputes the authenticity of these documents. These documents were not attached to the complaint or supplement. However, in her form complaint, Ms. Coleman wrote "[s]ee EEOC portal" in the space in her complaint provided for facts. ECF No. 1 at 6. From this, the Court will infer that Ms. Coleman's complaint incorporated by reference the allegations in her EEOC complaint. ECF No. 33-2. The Court will not, however, consider the investigative documents; it is unclear whether those documents are integral to the complaint, but in any event even without those documents Defendants are entitled to dismissal.

### B. Claims against Defendant Salvon

Plaintiff named as a defendant Mr. Salvon, the USPS attorney responsible for responding to Coleman's EEOC complaint. *See* ECF No. 1 at 2, ECF No. 33-1 at 7. However, she makes no allegations that Mr. Salvon engaged in any of the conduct described in the complaint and accompanying documents. Plaintiff states that Mr. Salvon was named in error. ECF No. 36 at 2. Accordingly, Plaintiff's claims against Mr. Salvon are dismissed.

### C. Title VII Claims

To state a claim for gender discrimination[3] under Title VII, a plaintiff must plead sufficient facts to establish that an employer "took an adverse action against her because of her sex." *Franovich v. Hanson*, 687 F. Supp. 3d 670, 682 (D. Md. 2023) (citing 42 U.S.C. § 42 U.S.C. § 2000e-2(a)). "Thus, she must allege sufficient facts to make it plausible that (1) she suffered an adverse employment action, and (2) the action was because of her sex." *Id.* at 638 (citing *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 584–85 (4th Cir. 2015)). One way for a plaintiff to plead causation is by showing "different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012). To be "similarly situated" an alleged comparator generally must have "(1) 'dealt with the same supervisor,' and (2) [been] 'subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Tinsley v. City of Charlotte*, 854 F. App'x 495, 500–01 (4th Cir. 2021) (quoting *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223–24 (4th Cir. 2019)).

Defendants argue that, other than Ms. Coleman's termination, she has not alleged any adverse employment action. The Court, however, need not decide whether any of the incidents alleged by Plaintiff in her complaint and accompanying documents

---

[3] In her EEOC complaint, Ms. Coleman also alleged discrimination based on sexual orientation. ECF No. 33-2 at 1. However, she does not repeat those allegations in her complaint, ECF No. 1 at 5, or address them in her opposition to the motion to dismiss, ECF No. 36. The Court therefore will not read her complaint to incorporate those claims.

other than her termination qualify as an adverse employment action because, regardless, Ms. Coleman has not alleged that any action was taken against her because of her sex. She does not allege that she was terminated because of her sex, or that her male colleagues received more favorable treatment. She alleges that a male manager "threatened" her by stating that he would make sure she did not make it through the probationary period, told Ms. Coleman not to fill out PS Form 3849, and "stood overtop" of her and prevented her from using rubber bands in sorting mail. ECF No. 1-1 at 2; ECF No. 33-2 at 5. But she does not allege he took any of these actions because of her sex. She also alleges that she was told not to return unless she was wearing "100% leather" shoes, despite the fact that she had witnessed male colleagues who wore non-complaint footwear. ECF No. 33-2 at 1. However, she also alleges that she had younger female colleagues who also did not comply with that requirement, and she does not allege that the male colleagues dealt with the same supervisor, or that there were no mitigating circumstances why they were permitted to wear non-leather shoes. *See Tinsley*, 854 F. App'x at 500–01. Accordingly, Plaintiff's Title VII claims are dismissed.

### D. ADEA Claims

Likewise, Ms. Coleman has not alleged sufficient facts to support her claim for age discrimination under the ADEA.

"The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age." *E.E.O.C. v. Baltimore Cnty.*, 747 F.3d 267, 272 (4th Cir. 2014) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). As with Title VII claims, a plaintiff may plead an ADEA claim based on comparator evidence, provided that the plaintiff and comparator were similarly situated, such as that they "dealt with the same supervisor, [were] subject to

the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Haynes*, 922 F.3d at 223–24 (4th Cir. 2019) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)). Plaintiffs may also plead a claim based on a hostile work environment based on "evidence that '(1) [they] experienced unwelcome harassment; (2) the harassment was based on [their] age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of [their] employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Wells v. Gates*, 336 F. App'x 378, 387 (4th Cir. 2009) (quoting *Baqir v. Principi*, 434 F.3d 733, 845–46 (4th Cir. 2006)).

**i. Comparator Evidence**

Ms. Coleman relies on comparator evidence to plead her age discrimination claim. She alleges that she was told not to return unless she was wearing "100% leather" shoes, but she witnessed younger colleagues who wore non-complaint footwear. ECF No. 33-2 at 1. She also alleges that she was denied "medical assistance" when she suffered from "heat exhaustion" while on the job, *Id.* at 5–6; ECF No. 1-1 at 2, but a "younger carrier" was allegedly sent an ambulance for a medical incident on July 3, 2019. ECF No. 33-2 at 5. Finally, she alleges that a younger female colleague "threatened another coworker" and "used profanity in front of everyone." ECF No 33-2 at 6.[4]

[4] Ms. Coleman also argues, in her opposition brief, that she was "forced to case her route prior to delivery" whereas younger colleagues were not required to do so. ECF No. 36 at 9–10. This argument does not appear in her complaint or EEOC complaint. "[A] complaint may not be amended by the briefs in opposition to a motion to dismiss." *Smith v. Mr. Cooper Grp. Mortg.*, Case No. 23-cv-3008-PJM, 2024 WL 1179075, at *3 (D. Md. Mar. 19, 2024). However, for similar reasons articulated below, this allegation could not sustain a claim for age-based discrimination either.

These allegations also do not plead sufficient facts to sustain a claim based on comparator evidence. She does not allege that any of the colleagues she identifies dealt with the same supervisor. She does not plead there were no mitigating factors that may justify why other carriers were permitted to wear non-leather shoes. She also does not plead that the medical incident on July 3, 2019, was sufficiently similar to her own heat exhaustion incident on July 19, or why an ambulance needed to be called for her or why it is plausible that not calling an ambulance constituted age discrimination. Finally, she does not plead that the employee who allegedly threatened a coworker and used profanity was not terminated for her actions.

**ii. Hostile Work Environment**

Ms. Coleman also alleges that she was subjected to a hostile work environment based on her age, *see* ECF No. 36 at 10, which in her opposition brief she describes as "negative comments and constant jokes" regarding her age. *Id*. But in her complaint and accompanying materials, she only identifies one comment made by a "[s]enior carrier"—that she was "too old to be starting out as a mail carrier." ECF 33-2 at 7.

The Fourth Circuit has not determined whether there is a cause of action for a hostile work environment under the ADEA. *See Burns v. AAF-McQuay, Inc.*, 166 F.3d 292, 294 (4th Cir. 1999) ("[E]ven assuming that a plaintiff can sue for hostile environment under the ADEA, [Plaintiff] cannot state a viable hostile environment claim."); *see also Kendrick v. Carter Bank & Tr., Inc.*, No. 24-1377, 2025 WL 879703, at *6 n.8 (4th Cir. Mar. 21, 2025) (gathering cases) ("We have assumed . . . without specifically deciding, that a hostile work environment claim is cognizable under the ADEA for a plaintiff aged 40 and older."). For similar reasons as in *Burns*, the Court will assume, without deciding, that such a claim is cognizable.

"[A] single incident can meet the standard [for a hostile work environment] if 'extremely serious.'" *Gordon v. Heath*, 179 F.4th 263, 273 (4th Cir. 2026) (quoting *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281, 285–86 (4th Cir. 2015)). "The status of the harasser is . . . a 'significant factor' to be considered; harassment by a supervisor tends to be more serious, while harassment by a co-equal is less serious." *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 408 (4th Cir. 2022) (quoting *Boyer-Liberto*, 786 F.3d at 278). Plus a hostile work environment claim requires "(1) unwelcome conduct; (2) that is based on the plaintiff's . . . [protected characteristic]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto*, 786 F.3d at 277 (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011)). For allegedly harassing conduct by a coworker (as opposed to a supervisor), liability for harassment is only imposed upon an employer who had "actual or constructive knowledge of the allegedly harassing conduct," and took "'*no* prompt and adequate remedial action to correct it.'" *EEOC v. Xerxes Corp.*, 639 F.3d 658, 669 (4th Cir. 2011) (*quoting Mikels v. City of Durham*, 183 F.3d 323, 329 (4th Cir. 1999)) (emphasis in original).

Here, Ms. Coleman does not allege that the "too old to be starting out" comment was made by a supervisor, but rather was made by a co-worker in a more senior position. Even accepting Plaintiff's allegations as true and drawing all reasonable inferences in her favor, this statement by a non-supervisor was not sufficiently serious to create a hostile working environment on its own. *See Bradley v. Acts Retirement-Life Cmtys., Inc.*, Case No. 25-cv-4037-BAH, 2026 WL 2186314, at *6–7 (D. Md. July 29, 2026) (holding that a coworker threatening to "beat [the plaintiff's] old ass" did not

establish a hostile work environment when the threat was made by a non-supervisor). In addition, Ms. Coleman does not allege that USPS *knew* about the comment *and* failed to take "prompt and remedial action to correct it." *See Xerxes*, 639 F.3d at 669.

Accordingly, Plaintiff's ADEA claims are dismissed.

**E. ADA Claims**

To plead a claim for employment discrimination pursuant to the ADA, Ms. Coleman must plead sufficient facts to establish that "(1) she is disabled; (2) she was otherwise qualified for the position; and (3) she suffered an adverse employment action solely on the basis of her disability." *Hannah P. v. Coats*, 916 F.3d 327 (4th Cir. 2019). Ms. Coleman has not pled that any of the actions identified in her complaint or accompanying documents occurred on the basis of her disability, which she identifies as "bipolar/depression, physical impairment." ECF No. 1 at 5. Accordingly, Plaintiff's ADA claims are dismissed.

**F. Retaliation Claims**

In her complaint, Plaintiff asserts a claim for retaliation. To plead such a claim, she must establish "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Noonan v. Consol. Shoe Co., Inc.,* 84 F. 4th 566, 574 (4th Cir. 2023) (quoting *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 653 (4th Cir. 2021)).

Plaintiff does not identify the basis of her retaliation claim in her opposition brief. To the extent her claim is premised on her EEOC complaint, that was filed on October 29, 2019. ECF No. 33-2 at 1. Ms. Coleman was terminated on July 19, 2019, before that complaint was filed. ECF No. 1-1 at 2; *see also* ECF No. 1 at 5. Ms. Coleman

claims in her opposition that her termination was "backdated." ECF No. 36 at 6. However, she cannot amend her complaint through her opposition brief. *See Smith v. Mr. Cooper Grp. Mortg.*, Case No. 23-cv-3008-PJM, 2024 WL 1179075, at *3 (D. Md. Mar. 19, 2024). Furthermore, she does not plead that any adverse action, including her termination, occurred after her EEOC complaint was filed. There cannot be a causal link between the EEOC claim and any alleged adverse action. Accordingly, Plaintiff's retaliation claims are dismissed.

### G. Federal Tort Claim Act ("FTCA") Claims

In her opposition, Plaintiff raises the FTCA for the first time. Because she did not bring a claim under the FTCA in her complaint, the Court will not address her FTCA arguments.

### H. The Government's Failure to Follow Deadlines

Finally, Ms. Coleman argues that the motion to dismiss should be denied because "[t]here have been extensions granted in the past and defendants have not complied." ECF No. 36 at 1. Originally, the deadline for the government to respond to Ms. Coleman's complaint was August 8, 2025. In total, the government filed seven motions for extension of time to respond to the complaint. ECF Nos. 12, 14, 18, 20, 21, 23, 25. Ultimately, the government filed its motion to dismiss on February 18, 2026. But when it did so, it had missed the seventh extended deadline by five days. *See* ECF No. 32 (order setting extended deadline of February 13, 2026). Moreover, three of the government's extension motions were filed after the then-applicable deadline had already expired (ECF Nos. 18, 21, 25).

The Court is sympathetic to Plaintiff's frustrations with the repeated extensions sought by the government, and particularly the instances of the government's failure to

file on the appointed deadlines. In these circumstances, however, the Court concludes that it is appropriate to apply the ordinary Rule 12 standards applicable to motions to dismiss. And for the reasons discussed above, the Court concludes that the complaint fails to state a claim on which relief can be granted.

### I. Dismissal Will Be Without Prejudice

In general, dismissal with prejudice is appropriate when a plaintiff has had an opportunity to cure deficiencies in their complaint, or when "it is clear that amendment would be futile in light of the fundamental deficiencies" in a plaintiff's claim. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008); *Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 440 (D. Md. 2024) ("[W]here a plaintiff has had the opportunity to amend her complaint to cure any deficiencies, or where amendment would otherwise be futile, dismissal with prejudice is appropriate."). Otherwise, "dismissal should generally be without prejudice." *King*, 825 F.3d at 225.

This is Plaintiff's first complaint in this matter, and Defendants' first motion to dismiss. Plaintiff's claims will be dismissed without prejudice, and she will be given the opportunity to amend her complaint.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss. The dismissal will be without prejudice. If Plaintiff believes she can cure the deficiencies identified above, any amended complaint shall be filed within 28 days of this opinion and order. Following that, the government shall scrupulously comply with the applicable deadlines, which the Court will only consider extending upon a showing of good cause. A separate order follows.

Dated: September 23, 2026

___________*/s/*_________
Adam B. Abelson
United States District Judge